**H. K. PORTER COMPANY, Inc.**

v.

**UNITED SAW, FILE AND STEEL PRODUCTS WORKERS OF AMERICA, FEDERAL LABOR UNION NO. 22254, AFL–CIO.**

**Civ. A. No. 32367.**

United States District Court
E. D. Pennsylvania.

April 4, 1968.

Edward W. Madeira, Jr., Philadelphia, Pa., for plaintiff.

Louis H. Wilderman, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOHN W. LORD, Jr., District Judge.

This is a labor arbitration matter.

Shortly after the plaintiff, H. K. Porter Company, Inc. ("Porter"), announced its intention to move a large portion of its operations from its Philadelphia plant to Danville, Virginia, the defendant, United Saw, File and Steel Products Workers of America, Federal Labor Union No. 22254, AFL-CIO ("Union"), filed certain grievances claiming pension rights and severance pay. Porter objected to the *arbitrability* of these grievances but was finally directed by this Court on April 11, 1961 to submit the disputes to arbitration.[1] United Saw, File and Steel Products Workers v. H. K. Porter Co., 190 F.Supp. 407 (E.D.Pa. 1960).

Thereafter, W. Roy Buckwalter was selected as the arbitrator, hearings were

[1]. Porter was directed to:

"* * * conform and comply with Sections III and IV of the Collective Bargaining Agreement between itself and the plaintiff, to select an Impartial Chairman and to submit to arbitration, *subject to the provisions of the Collective Bargaining Agreement*, the grievances with respect to pensions and severance pay *insofar as such grievances arise under the provisions of the Collective Bargaining Agreement* and constitute claimed violations thereof. * * *" (Emphasis added.)

held, and an award was made on August 17, 1962 stating:

"*Pensions: The Arbitrator rules that:*

"1. Each employee who, at the time he was terminated, had completed twenty-five years or more of service, but had not yet reached age sixty-five, shall be paid a full pension.

"The formula for payment to be worked out by H. K. Porter Company and the Union.

"Each terminated employee shall receive a $1,000 non-contributory life insurance policy as provided for in Section XIX-A.

"2. Each employee, who at the time he was terminated had reached age sixty-five, but had not completed twenty-five years of service shall be paid a pro rata pension based on an equitable formula to be worked out by H. K. Porter Company and the Union.

"Each terminated employee shall receive a $1,000 non-contributory life insurance policy as provided for in Section XIX-A.

"3. The request for pensions for employees who, at their termination, had not yet reached age sixty-five and who had not put in twenty-five years of service is denied.

"*Severance Pay:*

"The Union's request for severance pay is denied."

Porter sought to have this award vacated, but this Court granted enforcement of Parts 1 and 2 on May 10, 1963. H. K. Porter Co., Inc. v. United Saw, File and Steel Products Workers, 217 F. Supp. 161 (E.D.Pa.1963). This decision was appealed and affirmed by the Court of Appeals for the Third Circuit insofar as it enforced Part 1 of the Buckwalter Award, but reversed as to Part 2. H. K. Porter Co. v. United Saw, File and Steel Products Workers, 333 F.2d 596 (3rd Cir. 1964).

The case was then remanded to this Court with instructions to enter appropriate judgment. On December 7, 1964, pursuant to the remand, this Court entered an Order and Judgment *drafted by both parties* which provided in part:

4. This Court shall retain jurisdiction of the parties to and subject matter of this action under Section 301 of the Labor Management Relations Act of 1947. *In the event differences or disputes arise between the parties* as to the interpretation and application and/or the method of enforcement, including the formula for payment, of the terms of paragraph 1 of the arbitration award as quoted above, then either party shall apply *to this Court* under the above caption for such action as it deems appropriate. (Emphasis added.) H. K. Porter Company, Inc. v. United Saw Workers, Civil No. 32367 (E.D.Pa., filed December 7, 1964).

The parties could not then agree as to the interpretation and application of Part 1 of the Buckwalter Award. Yet, there was *no application to this Court* as provided for by paragraph 4 of the above-mentioned Order and Judgment. Rather, counsel agreed to further arbitration before a new arbitrator, Donald A. Crawford. Hearings were held in 1965 and in 1967 Arbitrator Crawford issued the following award:

"1. Grievants who at time of termination had completed 25 years of continuous service are not required to wait to age 65 for pension payments under the Buckwalter Award. The Company shall pay them full pensions effective as of the time of their termination.

"2. In accordance with the Buckwalter Award, the pension allowance specified in Paragraph 1 and subsequent paragraphs of this Award shall be calculated under Section XX-D of the September 16, 1957 contract, as extended September 15, 1958, without actuarial reduction. The Union request for the application of the minimum guaranteed pension for the grievants is denied.

"3. The Company shall pay the grievants the total of the past due pen-

sion payments as a lump sum, calculated with the addition of four percent interest retroactively to the date of their termination.

"4. Grievants who at time of termination had completed 25 years of continuous service but have since died before reaching age 65 were eligible under the Buckwalter Award for pension payments at time of termination. The Company shall pay their estates the sum of the full monthly pension payments from time of their termination to their death.

"5. Grievants who at the time of termination had completed 24 years of continuous service are eligible under the Buckwalter Award to receive full pension payments upon the completion of their 25th year of continuous service. The Company shall pay them full pensions effective as of the completion of their 25th year of continuous service.

"6. George Holmes and Henry Shuttleworth were terminated employees rather than quits and are therefore eligible under Paragraph 1 of the Buckwalter Award. The Company shall pay them full pensions effective as of time of termination.

"7. The grievants who are eligible for pensions under the Buckwalter Award also qualify for a $1,000 noncontributory life insurance policy as of the first of the month following their becoming eligible for pension payments and for the duration of their pensioned retirement. The Company shall pay the estates of deceased grievants the benefits due under the life insurance policy.

"8. Howard Norcross and John Affatato were voluntary quits rather than terminated employees. They are therefore not eligible for pensions under Paragraph 1 of th Buckwalter Award.

"9. The union request for funding and joint administration of the pension plan is denied."

Plaintiff, Porter, on May 26, 1967 moved to vacate certain portions of the Crawford Award. Defendant, Union, filed an answer and a cross-motion to enforce the award. It is on these motions that the matter is presently before this Court.

■■ Section XX-B of the collective bargaining agreement between the parties in this case expressly limits the authority of an arbitrator in matters involving pensions to problems of *eligibility*.[2] Under Section 301 of the Labor Management Relations Act this Court has the duty of determining whether a party agreed to arbitrate a particular grievance. Arbitration is a matter of contract; as such any agreement to arbitrate must be found in the arbitration clause of the collective bargaining agreement. The arbitration clause here expressly limits arbitration to the issue of eligibility. It is well established that an order to arbitrate should not be denied unless it may be said with *positive assurance that the arbitration clause is not susceptible of an interpretation* that covers the asserted dispute. This Court finds with that requisite positive assurance that section XX-B of the contract precisely limits pension grievance arbitration to eligibility and that the *time and method of payment* of pension benefits is not an arbitrable problem of eligibility.

■■ Defendant, Union, argues that the Order and Judgment of this Court of December 7, 1964 in effect authorized Arbitrator Crawford to rule on the time and method of payment of the pensions. This is not so. In the event of dispute as to the interpretation of the Buckwalter Award, including formula for payment, the parties were to apply to this Court. While the parties could have agreed vol-

2. Section XX-B of the collective bargaining agreement provides in part:
   Problems of eligibility within the terms of this pension plan * * * shall be the only pension problems subject to arbitration. * * *

untarily to subject formula for payment to arbitration as well as eligibility, there has been no showing that this was done. Porter's submission to the arbitration did not contitute such an agreement. See Local 719, American Bakery and Confectionery Workers v. National Biscuit Co., 378 F.2d 918 (3rd Cir. 1967). The Order and Judgment of December 7, 1964 in no way enlarges the scope of authority given to an arbitrator by XX-B of the collective bargaining agreement. Under this Order and Judgment, this Court is the proper forum in which to decide disputes as to time and method of payment. Therefore, in view of the above, the Court makes the following ruling:

Paragraph 1 of the Crawford Award is vacated in its entirety. The arbitrator exceeded his authority in ruling on "time of payment." This dispute was only adjustible by the parties or, of course, by this Court under its Order and Judgment. As such, I hold that grievants who at the time of termination had completed 25 years of continuous service are required to wait until age 65 for pension payments.

Paragraph 2 is upheld only insofar as its denies the Union request for the application of the minimum guaranteed pension for the grievants. Calculation of the benefits "without actuarial reduction" pertains to "method of payment" and as such was not a proper subject for arbitration.

Paragraph 3, likewise, goes to method of payment and is thus vacated as it is outside the scope of arbitration.

Paragraph 4 must be vacated in its entirety. Again, the Arbitrator exceeded his authority in ruling on time for payment. Since, I have ruled that payments should commence at the age of 65 and since section 20.50 of the collective bar-

gaining agreement provides that pension payments "shall cease at the death of the employee," an employee dying before his 65th birthday would forfeit his pension rights; nor would the estate of the decedent qualify for any of the payments.

Paragraph 5 is vacated in its entirety. While, the granting of pension benefits to grievants with only 24 years of service certainly goes to eligibility, it flies in the face of the Court of Appeals ruling that the 25 years of service requirement could not be dispensed with.[3] The Buckwalter Award as enforced by this Court specifically requires 25 years of service.

Paragraph 6 is vacated insofar as it directs that Holmes and Shuttleworth should be paid full pensions prior to the time that each attains sixty-five years of age. In no case shoud any payments be made to any grievant prior to the time he reaches the age of 65.

Paragraph 7 will be enforced insofar as it pertains to eligibility. Thus, each employee who, at the time he was terminated, had completed twenty-five years or more of service, but had not yet reached age sixty-five qualifies for a $1,000 noncontributory life insurance policy as of the first of the month following his becoming eligible for pension payments, i. e. at the time he reaches the age of 65. Obviously, since a grievant doesn't qualify for the life insurance until he reaches his sixty-fifth birthday, if he dies before such date he cannot receive such a policy. Thus, that part of paragraph 7 pertaining to the payment of benefits under said policies to the estates of grievants who died prior to attaining sixty-five years of age is vacated.

Paragraph 8 will be enforced as it pertains solely to eligibility.

Paragraph 9 will be enforced.

---

3. The Court of Appeals in H. K. Porter Co. v. United Saw, File and Steel Products Workers, 333 F.2d 596 (3rd Cir. 1964) ruled that while there was .a basis in view of prior practice, of relaxing the 65 years of age requirement for employees with 25 years of continuous service, there was no such similar precedent for granting pensions, even pro rata, to employees who had reached 65 without serving 25 years. The 25 years of service requirement could not be relaxed.