**William C. ROBERTS and John M. Strunk, on their behalf and on behalf of others similarly situated**

v.

**LEHIGH COAL AND NAVIGATION COMPANY, Lehigh and New England Railroad et al.**

Civ. A. No. 79–608.

United States District Court, E. D. Pennsylvania.

Oct. 25, 1979.

Lawrence J. Richette, Philadelphia, Pa., for plaintiffs.

Jack M. Zackin, Newark, N. J., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Following seventeen years of litigation, which included consideration of their claims five times by the district court, three times by the Court of Appeals and once by the National Railroad Adjustment Board (NRAB), petitioners filed this action for review of an NRAB order which refused to honor petitioners' request to abrogate mandatory retirement agreements incorporated in a collective bargaining agreement. The NRAB, dismissing the claim, held that its jurisdiction was limited to "interpretation and applications" of agreements and that it had no authority "to vitiate a contract either directly or indirectly". The NRAB determined that petitioners' claim, "while styled differently", launched the same attack, presented to and rejected by the courts, upon the validity of the mandatory retirement agreements. The NRAB further held that the doctrine of laches barred petitioners' claims. By order, this Court denied petitioners' request for review of the NRAB's order. Now moving for reconsideration, petitioners seek either remand to the NRAB or retention by this Court for consideration of petitioners' claims on the merits.

In petitioners' original action, the Court of Appeals held that the collective bargaining agreements were valid under the Railway Labor Act, 45 U.S.C. § 151 *et seq. Roberts v. Lehigh & New England Railway Co.*, 211 F.Supp. 379 (E.D.Pa.1962), *aff'd,* 323 F.2d 219 (3d Cir. 1963). In *Clemens v. Central Railroad Co. of New Jersey*, 399 F.2d 825 (3d Cir. 1968), *cert. denied*, 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969), the same plaintiffs urged that the agreements were also in conflict with a 1961 order of the Interstate Commerce Commission. The Court of Appeals, however, found that the plaintiffs' claims were identical to those which *Roberts* disposed of and thus were barred by *res judicata.* In *Antonioli v. Lehigh Coal & Navigation Co.*, 451 F.2d 1171 (3d Cir. 1971), *cert. denied*, 406 U.S. 906, 92 S.Ct. 1608, 31 L.Ed.2d 816 (1972), one of these plaintiffs demanded convocation of a Special Board of Adjustment to arbitrate the dispute. Once again the Court of Appeals held the claim barred by *res judicata.* In *Roberts v. United Transportation Union*, 368 F.Supp. 987 (E.D.Pa.1973), plaintiffs requested appointment of a referee by the NRAB to hear the matter. The district court concluded that their request was the "same old claim" and barred by *res judicata.* In each case plaintiffs, petitioners here, tried to circumvent the effects of *res judicata* by altering the relief requested. In *Clemens* they demanded a mandatory injunction requiring the parties to arbitrate; in *Antonioli*, convocation of a special board; in *Roberts* [II], appointment of a referee; here, an order requiring the NRAB to consider petitioners' claims as they construe the issues. The overwhelming precedent emanating from these cases conclusively forecloses further inquiry, despite counsel's commendable assiduity in seeking redress for his clients. Irrespective of how petitioners frame the issue or what relief they solicit, the matter has been decided against them and cannot be resurrected simply by filing new complaints. Reliance upon Judge Higginbotham's decision in *Clemens v. Central Railroad Co. of New Jersey*, 264 F.Supp. 551 (E.D.Pa.1967), also avails the petitioners nothing. Petitioners contend that Judge Higginbotham was the only judge to rule on the merits of the case and that he agreed with them. However, the Court of Appeals reversed Judge Higginbotham's decision

and held that *Roberts* was a full adjudication of petitioners' claims on the merits. *Clemens v. Central Railroad Co. of New Jersey,* 399 F.2d at 827–28. *See also Antonioli v. Lehigh Coal & Navigation Co.,* 451 F.2d at 1176–77, and *Roberts v. United Transportation Union,* 368 F.Supp. at 989–90.

Moreover, the grounds for review by this Court of a decision of the NRAB include only

> [the] failure of the division to comply with the requirements of the Act, ... failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or ... fraud or corruption by a member of the division making the order.

45 U.S.C. § 153, First (q). Otherwise, the findings and order of the division are conclusive. *Id. See also Denver & R.G.W.R. Co. v. Blackett,* 538 F.2d 291, 293 (10th Cir. 1976). In the case at bar the NRAB ruled that to grant the requested relief would exceed its statutory authority and therefore dismissed the claim. Clearly, the NRAB followed its statutory directive. Finally, petitioners' claims of fraud inherent in the composition and procedure of the NRAB constitute a broadside attack on a system created by Congress. Such an allegation must be pleaded with particularity. Fed.R. Civ.P. 9(b). Accordingly, even ignoring the effects of laches and *res judicata*, there is no basis upon which to review the decision of the NRAB. Accordingly, petitioners' motion for reconsideration must and will be denied.