The judgment of the trial court will be affirmed.

**William C. ROBERTS et al., Appellants,**

v.

**LEHIGH AND NEW ENGLAND RAILWAY COMPANY et al.**

**No. 79-2791.**

United States Court of Appeals, Third Circuit.

Argued July 7, 1980.

Decided July 29, 1980.

Lawrence J. Richette, Philadelphia, Pa., for appellants.

Jack M. Zackin, Ravin, Katchen & Greenberg, P.A., Newark, N. J., for appellees.

Before WEIS, MARIS and SLOVITER, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

This is an appeal by the plaintiffs from an order of the district court denying their motion for the reconsideration of its order dismissing their petition for review of a decision of division one of the National Railroad Adjustment Board (herein NRAB). The division had denied the claim of the plaintiffs, who were compulsorily retired employees of the Lehigh and New England Railway Company, for an interpretation of

certain collective bargaining agreements made by the employees' union with the Railway in 1962 which would enable them to collect severance pay under a 1961 order of the Interstate Commerce Commission.

In *Roberts v. Lehigh and New England Railway Company*, 323 F.2d 219 (3d Cir. 1963), this court had held that the collective bargaining agreements in question which required the involuntary retirement of the Railway's employees at age 65 were valid and had been validly applied by the Railway to these plaintiffs, thus depriving them of the separation allowances provided for by the ICC order of 1961. In *Clemens v. Central Railroad Company of New Jersey*, 399 F.2d 825 (3d Cir. 1968), *cert. denied*, 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969), and *Antonioli v. Lehigh Coal and Navigation Company*, 451 F.2d 1171 (3d Cir. 1971), *cert. denied*, 406 U.S. 906, 92 S.Ct. 1608, 31 L.Ed.2d 816 (1972), we held that the plaintiffs were barred by the *res judicata* rule of direct estoppel from relitigating the question of the validity of the collective bargaining agreements as applied to them even though the question was raised in actions which sought different forms of relief for the same basic cause of action.

In the present case the first division of the NRAB, the jurisdiction of which includes the interpretation and application of agreements between railroads and their employees, but not the determination of the validity of such agreements, *Brotherhood of Railroad Trainmen v. Howard*, 343 U.S. 768, 774, 72 S.Ct. 1022, 1025, 96 L.Ed. 1283 (1952), held that the question presented to it by the plaintiffs was not one of the interpretation or operation of the collective bargaining agreements in question but solely one of their validity as applied to the plaintiffs. This question the Board properly held to be beyond its jurisdiction and in any event foreclosed by the decisions of this court above cited. The district court in an able opinion by Judge Troutman held that the Board was right in so holding.

We agree. The collective bargaining agreements in question required by their express terms that *all* employees of the Railway coming within the scope of the respective existing union contracts who had then attained or should thereafter attain the age of 65 should be retired and their names removed from the seniority roster. Since this language clearly includes the plaintiffs, the only way to exclude them from its effect would be to hold the agreements invalid as to them. We agree with the district court that the first division did not err in holding that no question of interpretation within its jurisdiction was involved and in dismissing the plaintiffs' claim.

The order of the district court will be affirmed.