**Lorraine PARSONS**

v.

**BLUE RIDGE–WINKLER TEXTILES, a Division of Lehigh Valley Industries, Inc.**

Civ. A. No. 81–0950.

United States District Court, E. D. Pennsylvania.

June 24, 1981.

R. J. Karasek, Bangor, Pa., for plaintiff.

Michael F. Kraemer, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

■ The federal labor policy favoring arbitration as the mode which the parties to a collective bargaining agreement have selected to resolve disputes renders "narrow in the extreme" the permissible scope of judicial review of an arbitration award,[1] which will be sustained as long as it "draws its essence" from the collective bargaining agreement.[2] That is, whenever the arbitrator's conclusion can "in any rational way be derived from the agreement", a reviewing court will not disturb the award[3] unless the arbitrator manifestly disregards the agreement or ignores principles of contract construction or the law of the shop.[4] In the case at bar, petitioner seeks to vacate and/or modify an arbitration award which held that respondent terminated her employment for just cause consonant with the applicable bargaining agreement. Respondent now moves for summary judgment, which petitioner resists on the grounds that issues of material fact exist concerning the arbitrator's finding of just cause.

Specifically, petitioner argues that the lateness policy under which respondent discharged her penalizes individuals and allows termination for *de minimis* infractions, fails to consider "reasonable and good" excuses or past service and work record, and tolerates facile circumvention thereof by dishonest employees. These issues of material fact, contends petitioner, preclude entry of summary judgment, which may be granted when the pleadings, depositions, answers to interrogatories and affidavits demonstrate that the moving party is entitled to judgment as a matter of law and that no genuine issues of material fact exist.[5] When the moving party properly supports the motion, the opposing party cannot rely upon the allegations or denials in the pleadings but must adduce specific facts showing a genuine issue for trial.[6]

In the case at bar, the applicable collective bargaining agreement empowers the arbitrator to determine not only whether an employee violated a company rule[7] but also

1. *Amalgamated Meat Cutters & Butcher Workers of North America, Local 195 v. Cross Butchers Meat Packers, Inc.*, 518 F.2d 1113, 1121 (3d Cir. 1975). *See also John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

2. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). *See generally International Ladies' Garment Workers Union, Local No. 111 v. DeeVille Blouse Co.*, 486 F.Supp. 1253 (E.D.Pa.1980).

3. *Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969).

4. *United Steelworkers of America v. Enterprise Wheel & Car Corp., supra. See also Price v. International Brotherhood of Teamsters*, 457 F.2d 605 (3d Cir. 1972) and *Swift Industries, Inc. v. Botany Industries, Inc.*, 466 F.2d 1125 (3d Cir. 1972).

5. *Bethlehem Steel Corp. v. Consolidated Rail Corp.*, 515 F.Supp. 472 (E.D.Pa.1981), *Hollinger v. Wagner Mining Equipment Co.*, 505 F.Supp. 894 (E.D.Pa.1981). Fed.R.Civ.P. 56(c).

6. *Burke v. Leader Dogs for the Blind*, 516 F.Supp. 1374 (E.D.Pa.1981), *Martinez v. Bethlehem Steel Corp.*, 496 F.Supp. 1002 (E.D.Pa. 1979), *aff'd*, 633 F.2d 210 (3d Cir. 1980).

7. The rule provides that:
 Anyone who is late (either at the start of work or at the lunch period)
 a. Three (3) or more times during a period of two (2) consecutive weeks, or
 b. Two (2) times with lateness in excess of twenty (20) minutes on each occasion during a period of two (2) consecutive weeks, will subject himself to progressive disciplinary action as follows:
 1st Offense 1st Written Warning
 2nd Offense 2nd Written Warning

whether the rule itself is reasonable and applied fairly.[8] Petitioner complains that the rule permits less penalty for an employee who may be late a total of thirty-nine minutes within a consecutive two-week period than for an employee who may be late for three one-minute periods. Additionally, the rule does not allow the employee's length of service or work record to affect the disciplinary action meted out by respondent or allow the employee to explain tardiness. The arbitrator concluded that the rule was reasonable and that respondent applied it consistently and fairly to petitioner.

■ Certainly this rule could have been drafted to allow for these considerations. Perhaps such a scheme would have been wiser, but courts do not pass upon the wisdom or advisability of employers' disciplinary rules for tardiness.[9] The lack of a rational basis, not inflexibility or austerity, makes action impermissibly arbitrary or ca-

pricious.[10] Uniform application of the rule to all employees also does not render it unfair. The arbitrator concluded that the rule had a rational basis. Even if this Court disagreed with the reasoning or conclusion of the arbitrator, the award cannot be set aside if it draws its essence from the parties' collective bargaining agreement.[11] Moreover, petitioner, through the union, bargained with respondent for the agreement allowing respondent to issue and amend rules and referring disputes to an arbitrator. In other words, petitioner bargained for the arbitrator's construction thereof.[12] The arbitrator did not manifestly disregard the terms of the agreement,[13] and he confined his award to the question presented to him.[14]

■ Petitioner also complains that the arbitrator incorrectly admitted into evidence testimony concerning her absenteeism, which she considers unrelated to the question of her tardiness.[15] However, an

---

| 3rd Offense | One (1) Day Suspension Without Pay |
| 4th Offense | Three (3) Day Suspension Without Pay |
| 5th Offense | Twenty-one (21) Day Suspension Without Pay |
| 6th Offense | Discharge |

Lateness is excused for inclement weather under specific conditions. Delayed arrival is excused when the employee has requested and has been given permission at least one day in advance of the delayed arrival.

The passage of six (6) consecutive months during which a disciplinary action has not been issued for the violation of the lateness policy will result in the cancellation of the last disciplinary action previously issued for a violation of that policy.

8. See Article 25.06 of the collective bargaining agreement, which provides that

[t]he Union agrees that the matter of rules are not subject to negotiations and that therefore the Company retains the right to amend these rules at any time subject to the Union's right to question any discipline effectuated under the rules in the grievance machinery under the principle of just cause.

9. Cf. Western & Southern Life Insurance Co. v. State Board of Equalization of California, —— U.S. ——, 101 S.Ct. 2070, 68 L.Ed.2d 514 (1981), City of New Orleans v. Duke, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976) and Williamson v. Lee Optical, Inc., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955) (courts do not

sit as superlegislatures to judge the wisdom or desirability of legislation).

10. Carlisle Paper Box Co. v. National Labor Relations Board, 398 F.2d 1 (3d Cir. 1968).

11. Local 616, International Union of Electrical Workers v. Byrd Plastics, Inc., 428 F.2d 23 (3d Cir. 1970).

12. United Steelworkers of America v. Enterprise Wheel & Car Corp., supra, and International Ladies Garment Workers Union, Local 111 v. DeeVille Blouse Co., supra. Cf. Clayton v. International Union, United Automobile Aerospace & Agricultural Implement Workers of America, —— U.S. ——, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981).

13. Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), International Ladies Garment Workers Union, Local 111 v. DeeVille Blouse Co., supra.

14. Textile Workers Union of America, Local No. 386 v. American Thread Co., 291 F.2d 894 (4th Cir. 1961), International Ladies Garment Workers Union, Local 111 v. DeeVille Blouse Co., supra.

15. Petitioner complains that the arbitrator

Allow[ed] testimony to be heard in regard to the absenteeism of the Petitioner, when, in fact, only the tardiness of the Petitioner was

arbitrator's evidentiary errors will warrant setting the award aside only where the action severely prejudices the rights of the parties and denies them a fair hearing.[16] Courts will uphold arbitration awards even if the arbitrator made erroneous findings or misinterpreted the law or the facts.[17] Even if the arbitrator erroneously admitted this testimony, his opinion clearly reflects that he based his conclusion upon petitioner's lateness. In fact, he made no mention of her absenteeism in his opinion. These principles also require rejection of petitioner's contention that the arbitrator improperly considered the fact that the union never filed a grievance contesting the tardiness rule as a whole. The record supports the arbitrator's conclusion not only that respondent relied upon a uniformly applied, reasonable rule disciplining employees for excessive tardiness but also that respondent discharged petitioner for just cause.

 Finally, even if the record did not justify the award, courts do not review the merits thereof.[18] Properly, courts address only the questions of whether a party procured the award by corruption, fraud or undue means, whether the arbitrator acted with partiality or corruption, whether the arbitrator appropriately conducted the hearing, and whether the arbitrator exceeded his powers or executed them imperfectly.[19] In the case at bar, petitioner claims that the arbitrator exceeded his powers or imperfectly executed them in that the award "sanctions and promotes improper and illegal conduct" by encouraging tardy employees to circumvent the lateness rule by taking off the entire day rather than reporting to work late. This argument

in issue, [and f]urther, testimony as to whether the Union had ever filed a grievance to the tardiness policy as a whole.

16. *Newark Stereotypers Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594 (3d Cir. 1968), *Lucas v. Philco Ford Corp.*, 399 F.Supp. 1184 (E.D.Pa.1975).

17. *Kirschner v. West Publishing Co.*, 247 F.Supp. 550 (E.D.Pa.1975), *aff'd*, 353 F.2d 537 (3d Cir.), *cert. denied*, 383 U.S. 945, 86 S.Ct. 1202, 16 L.Ed.2d 208 (1976) and *Lucas v. Philco Ford Corp., supra. See also Burchell v. Marsh*, 58 U.S. (17 How.) 344, 15 L.Ed. 96 (1854).

18. *H. K. Porter Co. v. United Saw File & Steel Product Workers*, 217 F.Supp. 161 (E.D.Pa. 1963), *aff'd*, 333 F.2d 596 (3d Cir. 1964).

19. The Federal Arbitration Act, 9 U.S.C. § 10, provides that an award may be vacated
"(a) Where the Award was procured by corruption, fraud or undue means.
"(b) Where there was evident partiality or corruption in the Arbitrators, or either of them.
"(c) Where the Arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced.
"(d) Where the Arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
*Cf. Roberts v. Lehigh Coal & Navigation Co.*, 497 F.Supp. 56 (E.D.Pa.1979), *aff'd*, 625 F.2d 1116 (3d Cir. 1980) (standard of review for decision of the National Railway Adjustment Board under the Railway Labor Act, 45 U.S.C. § 145, First (q)).

The Pennsylvania Arbitration Act, 5 P.S. § 170, similarly provides that
[i]n either of the following cases the court shall make an order vacating the award upon the application of any party to the arbitration:
(a) Where the award was procured by corruption, fraud, or undue means.
(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.
(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.
(d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
Petitioner also contends that the award is against the law and that under 5 P.S. § 171 the court should modify the award, for "had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict". The arbitrator's award did not violate applicable legal principles, and no reason exists why the award should be modified.

again attacks the advisability of the rule and the merits of the award. To evaluate the merits of the award or to express disagreement with the wisdom of the lateness rule transmogrifies arbitration into a simple preliminary step in a time-consuming, tortuous path of litigation.[20] The arbitrator clearly did not exceed his powers. He based his decision and award squarely upon the collective bargaining agreement and considered only the submitted issue of petitioner's discharge. Accordingly, respondent is entitled to judgment as a matter of law and summary judgment will be entered in its favor.

---

**20.** *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).