Argued November 18, 1946.
Trespass for personal injuries.
The facts are stated in the opinion, by MAWHINNEY, J., of the court below as follows:
This is an action in trespass by Herman Sellers and Rose Sellers, his wife, plaintiffs, against Harry J. Cline, defendant, for injuries suffered by the plaintiff Rose Sellers. The case was tried by a judge and jury and the jury returned a verdict in favor of the plaintiffs. We are now considering defendant's motion for judgment n.o.v.
On January 27, 1943, at about 8:45 p.m. the plaintiff Rose Sellers was proceeding westwardly on the south *Page 86 
side of Chestnut Street, and while walking on the sidewalk in front of defendant's premises at 2100 Chestnut Street, was about to turn to look into defendant's lighted furniture store window when she slipped by reason of the icy condition of the sidewalk. The ice was covered with snow which had remained thereon for over eleven hours after the snow had ceased to fall. There was no testimony of obstructions on the sidewalk where Mrs. Sellers fell other than her testimony: "That spot was icy . . . Just rough ice . . . It was a sheet of ice . . ." And in answer to the question "What did it feel like?" her answer was, "Like a washboard . . ." There was no proof that the wife-plaintiff fell as a result of any obstruction caused by ridges of ice, and from the testimony it appeared that she slipped on a smooth surface of ice. "General `slipperiness' is not enough unless the accumulations take the shape of `ridges and hills.' Bailey v. Oil City et al. 305 Pa. 325
": Hulings et al. v. Pittsburgh, 150 Pa. Super. 338,339. In the same case at page 340, the court said: "One cannot recover unless the testimony identifies a ridge of ice, sufficient to support the charge of negligence as the cause of the injury. `The proof must describe the alleged ridge as to size and character and be such as to support a finding that it was a substantial obstruction to travel': Kohler v. Penn Township,305 Pa. 330, 157 A. 681. The sensation of falling because of a ridge of ice is different from slipping on a smooth icy pavement". It would appear, therefore, that in order to recover against the defendant the plaintiffs are obliged to prove not only evidence of a dangerous condition in the form of hills and ridges, but must show that the dangerous obstructions on the sidewalk were the actual cause of the fall. Plaintiffs' testimony does not show that such a condition existed. There were no hills or ridges that could be said to be obstructions to safe travel, and the description of the sidewalk as being "like a washboard" does not come *Page 87 
within the meaning of "hills and ridges" as defined by the appellate court, and in addition, the rough surface of the sidewalk was not the causative factor of the accident. Mrs. Sellers has shown that she merely slipped on the ice; she produced no evidence tending to show that her fall was caused by or due to any obstruction on the sidewalk.
An ordinance of the city of Philadelphia approved May 6, 1941, providing "That not later than six hours after snow has ceased to fall it shall be the duty of the tenant or occupant of occupied property or premises and the owner or agent in charge of unoccupied property or premises within the City of Philadelphia to clear or cause to be cleared a pathway in the footway of the street or highway upon which such premises or property abuts. Such pathway shall be not less than thirty inches in width and shall be thoroughly cleared of snow and ice," was introduced by plaintiff. The violation of a city or borough ordinance is not, per se, negligence. Such ordinances are evidentiary matters to be considered with all other testimony in the case as bearing upon the question of negligence: Bell v. Jacobs, 261 Pa. 204, andFollmer v. Shamokin Edgewood Electric Ry. Co., 5 Pa. D. C. 783; and in Ubelmann v. American Ice Co., 209 Pa. 398, 400, the court said: "When negligence is charged it must be proved. Proof of the violation of an ordinance regulating or relating to conduct alleged to have been negligent is not in itself conclusive proof of the negligence charged. The ordinance and its violation are matters of evidence, to be considered with all other evidence in the case: Lane v. Atlantic Works, 111 Mass. 136. But this rule is limited to cases in which the ordinance relates to the alleged negligent act under investigation."
The introduction of the ordinance as evidence was properly allowed, but standing alone without proof of negligence as being the proximate cause of the accident, *Page 88 
the trial judge would not have been justified in submitting the case to the jury, and because there has been no such evidence of negligence on the part of the defendant, the trial judge should have given binding instructions to the jury to find for the defendant.
Whereupon, the motion for judgment for the defendant non obstante veredicto is sustained.
Plaintiffs appealed.
This appeal is from the entry of judgment n.o.v. for defendant in a trespass case.
The judgment is affirmed on the opinion of Judge MAWHINNEY.