Dubois, Appellant, *v.* Wilkes-Barre.

Argued January 18, 1963. Before BELL, C. J., MUSMANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

156

*Arthur Piccone,* with him *Raymond F. Lowery,* for appellant.

*E. C. Marianelli,* for City of Wilkes-Barre, appellee.

*John A. Gallagher,* for appellee.

*John L. McDonald,* for appellee.

OPINION PER CURIAM, March 19, 1963:

Plaintiff sued for injuries, suffered from a fall on a public sidewalk, allegedly caused by the existence of an accumulation of melted ice cream and grease thereon. The trial judge entered a compulsory nonsuit, which the court en banc refused to disturb. Plaintiff appeals.

The action of the court below was correct. The plaintiff's testimony failed to establish *what* caused her to fall. In order to establish liability in an action of this nature, it is necessary for the plaintiff to prove what *actually* caused the accident, not what *might* possibly have caused it. The jury cannot be allowed to *guess* that the fall resulted from the existence of a foreign substance on the sidewalk. See, *Sellers v.*

*Cline,* 160 Pa. Superior Ct. 85, 49 A. 2d 873 (1946); *Rogers v. S. Phila. Nat'l Bank,* 160 Pa. Superior Ct. 154, 50 A. 2d 697 (1947); *Hillelson v. Renner,* 183 Pa. Superior Ct. 148, 130 A. 2d 212 (1957); *Burns v. City of Pitts.,* 320 Pa. 92, 181 A. 487 (1935); *Rinaldi v. Levine,* 406 Pa. 74, 176 A. 2d 623 (1962); *Gayne v. Philip Carey Co.,* 385 Pa. 618, 123 A. 2d 432 (1956).

Judgment affirmed.