Alberto MARTINEZ

v.

BETHLEHEM STEEL CORPORATION.

Civ. A. No. 77–906.

United States District Court,
E. D. Pennsylvania.

Dec. 12, 1979.

Andrew Erba, Philadelphia, Pa., for plaintiff.

Arthur R. Littleton, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

█ In this Title VII action defendant moves for summary judgment.[1] To establish a prima facie case of discrimination, plaintiff must show

(i) that be belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *See also International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843, 1854, 52 L.Ed.2d 396 (1977), *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 425, 95 S.Ct. 2362, 2375, 45 L.Ed.2d 280 (1975) and *Equal Employment Opportunity Commission v. Greyhound Lines, Inc.*, 494 F.Supp. 481, 485 (E.D.Pa.1979). A prima facie showing raises an inference of illegal discrimination, which defendant may rebut by "articulat[ing] some legitimate, non–discriminatory reason for the employee's rejection". *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 578, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978), quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802, 93 S.Ct. at 1824. Defendant satisfies this burden by explaining its actions or produc-

ing evidence of legitimate non–discriminatory reasons. *Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 99 S.Ct. 295, ·n. 2, 58 L.Ed.2d 216 (1978). Defendant need not *prove* absence of discrimination. Rather,

[a]s *Sweeney* . . .· makes clear, there can be no "question of fact" (for summary judgment purposes) about whether a legitimate non–discriminatory reason has been articulated. . . . To articulate its reason the company need only *introduce* evidence that a legitimate non–discriminatory reason was the basis for its action.

*Green v. United States Steel Corp.*, 481 F.Supp. 295, 311 (E.D.Pa.1979) (footnote omitted and emphasis added). Thereafter, plaintiff must be afforded a fair opportunity to show that defendant's reason was pretext. *Board of Trustees of Keene State College v. Sweeney*, 99 S.Ct. at 295, quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. at 804, 93 S.Ct. at 1825. *See also Furnco Construction Corp. v. Waters*, 438 U.S. at 578, 98 S.Ct. at 2950.

█ Assuming for present purposes that plaintiff has successfully established a prima facie case of discrimination, the critical inquiry focuses on defendant's articulation of legitimate, non–discriminatory reasons for plaintiff's rejection. Plaintiff contends that in March 1974, after plaintiff's medical restrictions had been lifted, defendant did not replace plaintiff in Department 342, where he had worked prior to his leave of absence from March to October 1973. Because "competing" inferences can be drawn from these facts, argues plaintiff, summary judgment must be denied.[2] However, as

---

1. For the relevant facts, *see Martinez v. Bethlehem Steel Corp.*, 78 F.R.D. 125 (E.D.Pa.1978).

2. Plaintiff contends that he "attempted" to secure reinstatement from March 5 until April 18, 1974, and that he "continuously requested" defendant to return him to Department 342 from April 8 through May 5, 1974. Plaintiff's Brief at 3. Yet in his deposition plaintiff remarked as follows:

Q. What has been marked D–4 is the copy of the message signed by Dr. Hare that you

were just discussing where he releases you from the [medical] restriction.
A. Right.
Q. What happened after you got that release [on March 4, 1974]?
A. Nothing. *I hope my department, now that I took my restriction out, call me.*
Q. Did you get a call from the department?
 * * * * *
A. Yeah, he called me in June.
Q. And he told you there was a job for you?
A. Yes.
Plaintiff's Deposition at 23 -24.

the above cited cases show, defendant need not "prove" non–discriminatory reasons. Adducing legitimate ones will suffice. Here defendant's assistant to the division superintendent of Labor Relations and Personnel Services swore by affidavit that in March 1974 Department 342 received no copy of the authorization removing plaintiff's medical restriction imposed in June 1973 because plaintiff was not then employed by that department. A copy was sent to the department in which he was then employed, Department 360. On March 17, 1974, plaintiff bid for and accepted a voluntary transfer to a janitor position in Department 317. He did not seek reassignment to Department 342. Eleven days later defendant posted plant–wide notices of job vacancies in Department 342. Again plaintiff did not respond. In May plaintiff submitted to defendant's Employment Office a letter in which for the first time plaintiff indicated a desire to retain his recall rights in Department 342. Upon obtaining a translation of this letter, written in Spanish, Department 342 promptly recalled plaintiff. Prior to plaintiff's letter, *Department 342 did not know that plaintiff's previously self–imposed medical restriction had been removed.* The superintendent's assistant indicated further that "[h]ad plaintiff requested reinstatement to his former department, which he did not, such a request would have initiated an earlier recall". Moreover, between the time that plaintiff's medical restriction was removed (March 1974) and his letter (May 1974) Department 342 received five new employees, one of whom was Spanish surnamed. Plaintiff has not offered any evidence to show that defendant did not treat employees of all races as they had plaintiff. As in all other federal civil litigation Fed.R. Civ.P. 56 applies to the *McDonnell Douglas* analysis. To withstand defendant's motion for summary judgment, plaintiff must adduce specific facts showing there is a genuine issue for trial as to whether defendant's stated reason was pretext. Having failed to do so, summary judgment may properly be entered in favor of defendant. *See First*

*National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), *Robin Construction Co. v. United States,* 345 F.2d 610 (3d Cir. 1965), *Dagostine v. Joseph Schlitz Brewing Co.,* 478 F.Supp. 38 (E.D.Pa.1979), *Green v. United States Steel Corp., supra.*