Gerard TOOKMANIAN

v.

SAFE HARBOR WATER POWER CORPORATION et al.

Civ. A. No. 80–1810.

United States District Court, E. D. Pennsylvania.

Sept. 26, 1980.

---

W. A. Atlee, Jr., Lancaster, Pa., for plaintiff.

John P. Kelly, Philadelphia, Pa., for American Chain & Cable.

Christopher W. Mattson, Lancaster, Pa., for PP&L.

Rawle & Henderson, Philadelphia, Pa., for Safe Harbor Water Co.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

While repairing a generator located in a building owned by defendant Safe Harbor Water Power Corporation (Safe Harbor), plaintiff, an employee of defendant National Electric Coil Corporation, suffered injuries for which he seeks redress. Defendant Pennsylvania Power and Light Company (PP&L), a fifty percent shareholder in Safe Harbor, now moves for summary judgment and argues that this investment does not affect the fact that PP&L and Safe Harbor are two distinct and wholly separate corporate entities. By affidavit, PP&L's Supervisor of Claims and Agreements indicated that PP&L not only exercises no supervision or control over Safe Harbor but also asserts no ownership rights, jurisdiction or control over Safe Harbor's real estate, equipment or work in progress.

Plaintiff's only response is that PP&L has not yet answered his interrogatories and that this information "will afford the court a more meaningful opportunity to review the record prior to making a decision". Plaintiff's Brief at 2. Plaintiff does not controvert any facts adduced in PP&L's affidavit.

True, summary judgment may be granted only when no genuine issues of material fact exist. Fed.R.Civ.P. 56(c), *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Doubts are resolved against the moving party, *Janek v. Celebrezze*, 336 F.2d 828 (3d Cir. 1964), who has the burden of demonstrating the justification for the motion. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). When the movant has supported his motion with proper material, the party resisting the motion must adduce "specific facts showing that there is a genuine issue for trial", Fed.R.Civ.P. 56(e), *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), but the motion will be construed in a light most favorable to him. *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Plaintiff has not pointed to any genuine issue of material fact. Actually, plaintiff has not even disputed the contents of the affidavit or legal argument submitted by PP&L. Plaintiff cannot simply rely upon the allegations of his complaint and expect to withstand a motion for summary judgment. *See Martinez v. Bethlehem Steel Corp.*, 496 F.Supp. 1002 (1979), *aff'd*, 633 F.2d 210 (3d Cir. 1980).

Accordingly, PP&L's motion for summary judgment will be granted.