Kenneth GRABEY, a minor, by Patricia Grabey, his mother and natural guardian and Patricia Grabey in her own right and Kenneth Grabey, in his own right,

v.

FORD MOTOR COMPANY, Equilease Corporation, Eltra Corporation, Loadmaster City Tank Corporation, Old Dominion Manufacturing Co., and Old Dominion Iron and Steel Corp.

v.

Richard KREITZGER t/a Kreitzger Sanitation.

Civ. A. No. 80–3144.

United States District Court,
E. D. Pennsylvania.

March 19, 1981.

Julius E. Fioravanti, Philadelphia, Pa., for plaintiff.

Joseph V. Pinto and John A. Lord, Philadelphia, Pa., for Ford Motor Co.

Gary B. Vernick, Philadelphia, Pa., for Equilease and Eltra Corp.

Gerald A. Dennehey, Philadelphia, Pa., for Loadmaster City Tank and Old Dominion.

Howard J. Batt, Pottsville, Pa., for Kreitzger t/a Kreitzger Sanita.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Dislodgment and subsequent fall of a trash compactor caused injuries to plaintiff, who instituted this action and alleged, *inter alia*, a violation of Section 402A of the Restatement of Torts (Second). *See Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966). Plaintiff named defendants Ford Motor Company, Loadmaster City Tank Corporation, Old Dominion Manufacturing Company and Old Dominion Iron and Steel Corporation as the designers, manufacturers and distributors of the truck and trash compactor. Defendant Ford, now moving for summary judgment, contends that plaintiff's admissions establish that Ford did not manufacture, design, sell or install the trash compactor which injured plaintiff.

In early November 1980 Ford served upon plaintiff requests for admission containing a series of documents relating to the purchase of the Ford chassis, the compactor installed thereon and the sale of the completed project. *See* Fed.R.Civ.P. 36. Ford claims that these documents and statements demonstrate that Stephenson Equipment, Inc., ordered from Liberty Ford Truck Sales the Ford chassis and from City Tank Corporation a refuse body which it manufactured and then mounted to the chassis. Accordingly, Ford concludes, it had no involvement in the design, manufacture, installation, distribution or sale of the compactor which injured plaintiff, who failed to respond to Ford's requests for admission within the thirty days prescribed by Rule 36. In fact, plaintiff still has not done so and excuses his omission because the "documents and statements were at all times in the possession of the various defendants . . . [and are] hearsay and self-serving".

Failure to respond to requests for admission cannot be excused with the simple response that defendant possessed the relevant documents. Plaintiff had an affirmative duty to respond to Ford's requests and to make some effort to obtain necessary information. Plaintiff has not indicated that the requests fell outside the scope of Fed.R.Civ.P. 26(b), that Ford refused to make the material available or that he made any effort whatsoever to procure it. Plaintiff did not ask the Court for additional time to answer. See Fed.R.Civ.P. 36(a). *Cf. Fleming v. Mack Trucks, Inc.*, 508 F.Supp. 917 (E.D.Pa.1981) (ignorance of procedure unacceptable excuse for failing to comply therewith), *Hollinger v. Wagner Mining Equipment Corp.*, 505 F.Supp. 894 (E.D.Pa.1981) and *Martinez v. Bethlehem Steel Corp.*, 496 F.Supp. 1002 (E.D.Pa.1979), *aff'd*, 633 F.2d 210 (3d Cir. 1980) (party resisting summary judgment motion cannot simply rely on pleadings). Therefore, plaintiff has admitted that Ford did not design or manufacture the compactor, Fed.R.Civ.P. 36(a), a fact now "conclusively established". Fed.R.Civ.P. 36(b).

Alternatively, plaintiff argues that Ford designed the chassis of the truck and that further discovery "may" show that Ford did so improperly. The unchallenged admissions did not resolve this question of material fact, which will prelude entry of summary judgment in Ford's favor. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).