**Betty L. PRADEL and Arthur Pradel**

v.

**PORSCHE–AUDI, division of Volkswagen of America, Inc.**

**Civ. A. No. 80–0170.**

United States District Court,
E. D. Pennsylvania.

April 21, 1981.

Robertson B. Taylor, Bethlehem, Pa., for plaintiff.

Pepper, Hamilton & Scheetz, Stephen S. Phillips, Sherryl R. Perry, Philadelphia, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

Where an allegedly defective product causes injuries for which a plaintiff seeks damages under Section 402A of the Restatement of Torts (Second), *see Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), the Court must determine, preliminarily as a matter of law, whether plaintiff's averments of the facts warrant recovery under a theory of strict liability. Following this

judicial determination the case may be submitted to the jury to decide if the facts adduced at trial prove plaintiff's contentions. *Azzarello v. Black Brothers, Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978), *Cf. Posttape Associates v. Eastman Kodak Co.,* 537 F.2d 751 (3d Cir. 1976), (defect in camera film *not* an appropriate § 402A case). Defendant, which manufactured the car door handle that plaintiff claims was defective, now moves for summary judgment on the grounds that the total lack of any evidence indicating causation and the preliminary scrutiny required by *Azzarello* render the case appropriate for a grant of summary judgment in defendant's favor. See Fed.R. Civ.P. 56. Specifically, defendant argues that, under the particular circumstances under which the plaintiff claims to have been injured, the lack of a factual basis from which the trier of fact could infer causation requires granting of defendant's motion. *See Abdul-Warith v. Arthur G. McKee & Co.,* 488 F.Supp. 306 (E.D.Pa.1980), *aff'd,* 642 F.2d 440 (3d Cir. 1981).

Turning initially to the preliminary determination mandated by *Azzarello,* examination of the complaint reveals that plaintiff amputated part of her left index finger when she grabbed for the handle of her car door, manufactured by defendant. Generally, plaintiff contends that defendant improperly designed the door handle. Specifically, she alleges that "the defective condition of the ... motor vehicle ... manufactured by the defendant consisted of an improperly designed door handle, which was in effect a potential instrument of trauma to persons handling the same ..." In her brief opposing defendant's motion plaintiff also averred that she lost her balance as she walked along her driveway and grabbed the car door handle to stop herself from falling. Her hand caught between the outer portion of the handle and "trigger" mechanism. Having averred these facts, plaintiff has demonstrated successfully that recovery under a theory of strict liability would be justifiable, *see Azzarello v. Black Brothers, Inc., supra,* and that the circumstances surrounding plaintiff's claim suffice to support the conclusion that defendant's product, if found by a jury to be in a "defective condition", could be considered "unreasonably dangerous" as a matter of law. *Hollinger v. Wagner Mining Equipment Co.,* 505 F.Supp. 894 (E.D.Pa.1981). *See also Price v. Inland Oil Co.,* 646 F.2d 90 (3d Cir. 1981).

In addition, plaintiff must still be prepared to identify in the product a *defect* which *caused* her injuries. *See Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975). Defendant, contending that plaintiff cannot prove causation, points to the undisputed facts garnered from depositions and unchallenged request for admissions. *See Grabey v. Ford Motor Co.,* 89 F.R.D. 575 (E.D.Pa.1981). Plaintiff had not attempted to enter the car when she lost her balance nor did she touch the vehicle. In fact, plaintiff neither alleged that the car caused her to fall nor that the door handle malfunctioned. Defendant argues that plaintiff could not have reasonably expected the door handle to provide adequate protection from a fall and that her contact with the door handle was not compatible with its intended purpose or use. However, a manufacturer does intend for a door handle to be grasped, which plaintiff did. Had she been injured by grabbing the aerial or bumper, a different conclusion might be warranted. Moreover, the relevant inquiry will be the cause of plaintiff's *injuries,* not the fall, as defendant characterizes the issue. Viewing the pleadings in a light most favorable to plaintiff, *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the cause of her injuries lies either in her fall or her grasp of the car door handle or both. Whether the fall or the supposedly defectively designed car door handle caused plaintiff's injuries will be a question for the jury to decide. Accordingly, defendant's motion for summary judgment will be denied.