BETHLEHEM STEEL COMPANY

v.

CONSOLIDATED RAIL CORPORATION.

Civ. A. No. 80–4587.

United States District Court,
E. D. Pennsylvania.

May 14, 1981.

William P. Quinn, Philadelphia, Pa., for plaintiff.

Timothy Terrence O'Toole, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The Revised Interstate Commerce Act of 1978, 49 U.S.C. § 10101 *et seq.*, provides that a common carrier engaged in interstate commerce becomes liable to a person for charged amounts exceeding the applicable rate for transportation or services contained in a tariff. 49 U.S.C. § 11705(b)(1). To recover overcharges, an action must be instituted within three years after the claim "accrues", 49 U.S.C. § 11706(b), which occurs "upon delivery" by the carrier. 49 U.S.C. § 11706(g). In the case at bar, plaintiff, which never exercised its transit privileges, seeks to recover the sum of money paid to defendant for the privilege of stopping interstate shipments of iron ore in transit. Defendant contends that the applicable statute of limitations, 49 U.S.C. § 11706(b), bars plaintiff's claim. Accordingly, what event triggered running of the limitations period comprises the sole issue for resolution. Defendant, urging a literal interpretation of the statute, argues that plaintiff's claim accrued "upon delivery" of the shipments at the transit point. Plaintiff, on the other hand, contends that the claim did not accrue until the expiration of the transit privilege two years after the shipments were stopped in transit.

To accept defendant's interpretation of the statute requires a determination whether "upon delivery" means upon delivery to an intermediate milling site or to the ultimate destination. Some courts adopt this approach. *See, for example, Henwood v. McCallum,* 179 Tenn. 531, 167 S.W.2d 981 (1943). More often, courts compute the limitations period from the time the right to sue fully matured. In *Arkansas Oak Flooring Co. v. Louisiana & Arkansas Railway,* 166 F.2d 98 (5th Cir.), *cert. denied,* 334 U.S. 828, 68 S.Ct. 1338, 92 L.Ed. 1756 (1948), the court held that delivery by the carrier accrues the cause of action if the rate is "unalterably fixed". Where the collectible rate could change within the period of tariff, the cause of action did not accrue until expiration thereof. Similarly, in *Seaboard Air Line Railroad Co. v. Red Diamond Mills, Inc.,* 128 F.Supp. 606 (M.D.Ga.1955), the court agreed that the statute of limitations did not begin to run until the amount of freight charges could be ascertained.

■ In the case at bar, the amount to be paid remained subject to change as long as the possibility existed that the iron ore would be pelletized or reshipped within two years of its arrival at the intermediate location. That is, which rate structure, Tariff No. 4957 or the transit tariff, would apply depended upon compliance with the condition to reship in an improved form within two years. Consequently, the rate factually and substantively could not be determined until the end of this time period. Hence, the cause of action did not accrue until that time as well; plaintiff instituted a timely suit within three years thereafter. *See Baker v. Chamberlain Manufacturing Corp.,* 356 F.Supp. 1314 (N.D.Ill.1973).

■ *Computing the limitations period* from the date of shipment to the ultimate destination, a decision made unilaterally by the shipper, hardly comports with the purpose of the limitations period, "uniformity and equality of treatment . . . between carrier and shipper". *Midland Horticultural Co. v. Pennsylvania Railroad,* 320 U.S. 356,

64 S.Ct. 128, 88 L.Ed. 96 (1943). *See, for example, Chicago, N.W.R. Co. v. Connor Land & Lumber Co.*, 212 F.2d 712 (7th Cir. 1954). Moreover, since the transit charges did not become overcharges until the transit period expired, the cause of action to collect them could not be considered to have accrued prior thereto.

The parties agree that no genuine issue as to any material fact exists and that the limitations defense constitutes the only impediment to payment. *See Pangrazzi v. United States*, 511 F.Supp. 648 (E.D.Pa. 1981). Accordingly, plaintiff is entitled to judgment as a matter of law. *See Tose v. First National Bank*, 648 F.2d 879 No. 80–2123 (3d Cir. April 30, 1981), *Kawecki Berylco Industries, Inc. v. Fansteel, Inc.*, 512 F.Supp. 984 No. 79–4061 (E.D.Pa. April 21, 1981) and *Hollinger v. Wagner Mining Equipment Co.*, 505 F.Supp. 894 (E.D.Pa. 1981).