Robert W. BURKE and Elizabeth U. Burke

v.

LEADER DOGS FOR THE BLIND

Civ. A. No. 79–3630.

United States District Court, E. D. Pennsylvania.

June 25, 1981.

Lester Krasno, Pottsville, Pa., for plaintiffs.

Walter L. McDonough, Howard M. Girsh, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Summary judgment may be granted where no genuine issue of material fact exists [1] and the moving party is entitled thereto as a matter of law.[2] Deposition testimony may be used to support or refute the motion.[3] The opposing party may not rely solely upon the allegations of the complaint [4] but must adduce issues of *material* fact, defined as one which affects the outcome of the litigation.[5] In the case at bar, plaintiff, who is blind, fell and suffered injuries when his seeing eye dog, supplied to him by defendant, reacted to the presence of another dog in the vicinity. Defendant impleaded the third-party defendant on the basis that the plaintiff's accident occurred on property owned by the third-party defendant and resulted from his negligent maintenance of the sidewalk. The third-party defendant, now moving for summary judgment, contends not only that depositions of plaintiff and another eyewitness establish that the fall occurred in the street adjacent to the sidewalk but also that the dog's improper behavior comprised the sole proximate cause of plaintiff's injuries.

Plaintiff testified during depositions that he fell in the street and that the dog dragged him onto the sidewalk. An eyewitness, Margaret Becher, who supposedly viewed the accident from her house across the street, apparently [6] testified during depositions that plaintiff was on the sidewalk when she saw him fall. However, *where* plaintiff fell will be relevant only if defendant can show a genuine issue of material fact establishing the condition of the sidewalk as the proximate cause of plaintiff's fall. In *Dubois v. Wilkes-Barre* [7] the Supreme Court of Pennsylvania affirmed the entry of a compulsory nonsuit where the plaintiff's testimony failed to establish what caused her fall. To prevail, plaintiff needed to prove "what *actually* caused the accident, not what might possibly have caused it".[8] A jury could not be allowed to surmise or conjecture that the fall resulted from the existence of melted ice cream and grease on the sidewalk. In the case at bar, defendant suggests through Mrs. Becher's deposition testimony that the third-party defendant's sidewalk contained uneven bricks uprooted by a tree. Defendant, failing to demonstrate any evidence linking the uneven bricks to plaintiff's fall, has not

1. *Kawecki Berylco Industries, Inc. v. Fansteel, Inc.*, 512 F.Supp. 984 (E.D.Pa.1981), *Fleming v. Mack Trucks, Inc.*, 505 F.Supp. 169 (E.D.Pa. 1981).

2. *Tose v. First National Bank*, 492 F.Supp. 246 (3d Cir. 1981), *Bethlehem Steel Corp. v. Consolidated Rail Corp.*, 515 F.Supp. 472 (E.D.Pa. 1981). *See generally* Fed.R.Civ.P. 56(c).

3. *See, for example, Meuller v. Jeffrey Mfg. Co.*, 494 F.Supp. 275 (E.D.Pa.1980), *aff'd*, (3d Cir. 1981). The parties may also rely upon admissions, *Grabey v. Ford Motor Co.*, 89 F.R.D. 575, (E.D.Pa.1981), interrogatories, *Hollinger v. Wagner Mining Equipment ' Co.*, 505 F.Supp. 894 (E.D.Pa.1981), affidavits, *Pangrazzi v. United States*, 511 F.Supp. 648, (E.D.Pa.1981), *Beck v. Borough of Manheim*, 505 F.Supp. 923 (E.D. Pa.1981), along with the pleadings. *Cistone v.*

*Ford Motor Co.*, 504 F.Supp. 328 (E.D.Pa.1980). *See generally* Fed.R.Civ.P. 56(c).

4. *Martinez v. Bethlehem Steel Corp.*, 496 F.Supp. 1002 (E.D.Pa.1979), *aff'd*, 633 F.2d 210 (3d Cir. 1980), Fed.R.Civ.P. 56(e).

5. *Goodman v. Mead, Johnson & Co.*, 534 F.2d 566 (3d Cir. 1978), *Hollinger v. Wagner Mining Equipment Co.*, supra.

6. Regrettably, the deposition testimony to which defendant adverted has not been docketed and made part of the file.

7. 410 Pa. 155, 189 A.2d 166 (1963).

8. *Id.* at 156, 189 A.2d 166.

adduced any genuine issue of material fact as to the proximate cause of plaintiff's fall.

In *British Airways Board v. Boeing Co.*,[9] an action to recover damages for negligent design and manufacture of an aircraft which crashed, defendant moved for summary judgment, which plaintiff resisted by relying upon deposition testimony of an employee who stated that a crack in a fitting *could* lead to a failure of the aircraft. The plaintiff did not produce any evidence or specific facts showing or inferring that the crack *did* lead to the accident. The trial court granted the motion and the appellate court affirmed on the grounds that plaintiff failed to demonstrate a genuine issue of material fact.[10]

In the case at bar, defendant has failed to introduce sufficient countervailing evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the accident.[11] The mere scintilla of evidence related by Mrs. Becher and establishing that the sidewalk contained uneven bricks will not suffice. A jury may not draw an inference not reasonably susceptible from the evidence.[12] To deny the motion of the third-party defendant would permit the trier of fact to infer from the mere presence of uneven bricks in the sidewalk legal causation with the plaintiff's fall. The law of Pennsylvania prohibits such a conclusion[13] and must be followed in federal court in diversity actions.[14] Accordingly, the motion of the third-party defendant for summary judgment will be granted.

---

**9.** 585 F.2d 946 (9th Cir. 1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

**10.** *Id.* at 950.

**11.** *First National Bank v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), *Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840 (3d Cir. 1974).

**12.** *A.B. Small Co. v. Lamborn & Co.*, 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597 (1925).

**13.** *Lascoskie v. Berks County Trust Co.*, 417 Pa. 53, 208 A.2d 463 (1965), *Puskarich v. Trustees of Zembo Temple*, 412 Pa. 313, 194 A.2d 208 (1963), *Rinaldi v. Levine*, 406 Pa. 74, 176 A.2d 623 (1962).

**14.** *Amader v. Johns-Manville Corp.*, 514 F.Supp. 1031 (E.D.Pa.1981), *Renner v. Lichtenwalner*, 513 F.Supp. 271 (E.D.Pa.1981) and cases cited therein.