IN THE COMMONEALTH COURT OF PENNSYLVANIA

David Shirey,                                              :
          Appellant                                  :
                                                               :
          v.                                                :  No. 356 C.D. 2017
                                                               :  Argued:  March 12, 2019
Berks Area Reading Transportation            :
Authority and Berks County                      :
Association for the Blind, Inc.                    :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: April 30, 2019

David Shirey appeals an order of the Court of Common Pleas of Berks County (trial court) granting summary judgment to the Berks Area Reading Transportation Authority (BARTA) and the Berks County Association for the Blind (Association) in Shirey's civil action. Shirey sought damages for injuries he sustained when he slipped and fell walking from the Association's building to a vehicle operated by BARTA. For the following reasons, we affirm.

**Background**

Shirey's complaint against BARTA and the Association alleged that on February 18, 2010, as he left the Association's building and walked to BARTA's paratransit van, he slipped and fell "when he was required to walk around a large mound of snow and ice which was on the [Association's] sidewalk." Complaint, ¶7; Reproduced Record at 6a (R.R. __). Shirey, who is partially blind, was employed by the Association at the time. His fall caused multiple injuries including facial

scarring, a right-sided displaced nasal bone fracture, a depressed left frontal sinus fracture, and facial lacerations and contusions.

The complaint asserted that BARTA had a duty to assist Shirey to "safely embark and disembark from its paratransit vans[,]" and the Association "was responsible for the repair, maintenance, and inspection of the real estate, walkways, and buildings … including the removal of snow and ice." Complaint, ¶¶5-6; R.R. 6a. However, on the day of Shirey's fall, BARTA did not provide Shirey the assistance he needed to board the paratransit van, and the Association had not cleared the walkway of snow and ice so that Shirey could walk safely to the van. Complaint, ¶¶9, 12; R.R. 6a-7a. The complaint asserted that these acts and omissions of the defendants caused Shirey's injuries. Complaint ¶¶11, 12; R.R. 7a.

The complaint further alleged that Shirey underwent surgery which involved "a reduction of the nasal fracture and septoplasty" and suffered "injuries to his back; headache, fatigue, dizziness, nausea, severe emotional distress, embarrassment, loss of self-esteem, anxiety and other injuries which may not yet be fully diagnosed or manifested." Complaint, ¶13; R.R. 7a. Shirey incurred, and continues to incur, medical expenses; his inability to "attend to his usual and daily duties and employment" contributed to his "financial detriment and loss." Complaint, ¶15; R.R. 7a. Shirey sought damages against BARTA and the Association in excess of $50,000, together with costs.

On July 31, 2013, the Association filed a motion for summary judgment, asserting that Shirey failed to produce evidence that its negligence caused his fall. In support, the Association submitted the deposition testimony of Robin Armistead, the driver of the paratransit van, which Shirey had sought to board on the day of his fall. Armistead has worked for BARTA for 15 years as a van driver

2

transporting senior citizens and disabled people "door to door," meaning, from the door of the building to the door of the van and vice versa. Notes of Testimony, 2/12/2013, at 18 (N.T. __); R.R. 36a. Armistead testified that she had transported Shirey "quite a few times." N.T. 31; R.R. 39a. She would "pull up [the van], go into the [Association building,]" and tell Rosann Strauss, Shirey's supervisor, that she was there. N.T. 35; R.R. 40a. Armistead would then return to the vehicle to complete paperwork. Shirey would gather his belongings and wait in the lobby for Armistead to escort him to the van. Armistead testified that Shirey was "wobbly" and "needed somebody to hold his hand." N.T. 50; R.R. 44a.

Armistead testified that on February 18, 2010, she was scheduled to pick up Shirey and Christine, his coworker. While she was doing paperwork in her van, she heard "the door [of the Association] slam[.]" N.T. 50; R.R. 44a. She looked up and saw Shirey and Christine walking toward the bus. Shortly thereafter, Shirey fell. Armistead stated that Shirey "landed on the pavement[,]" but she could not recall the precise location. N.T. 47, 52; R.R. 43a, 44a. An Association employee called an ambulance. Armistead stated that Strauss never "left [Shirey] walk out by himself[,]" and she did not know "why that particular day she did not make him wait, because she knew I always came back in for him[.]" N.T. 36; R.R. 40a.

Armistead testified that at the time of the accident, there was no snow or ice on the walkway; there was snow "on the grass." N.T. 49; R.R. 44a. However, there was a "little piece [of the sidewalk] that was sticking up," which she assumed caused Shirey to trip. N.T. 53; R.R. 45a. Armistead stated that she was not looking at Shirey's feet when he fell.

The Association submitted a report that Armistead had prepared after the accident, which stated that Shirey "triped [sic] on the side walk[.]" R.R. 59a.

3

The report also included a drawing done by Armistead that showed the location of the Association building relative to the van and the sidewalks. The diagram also showed a line of snow encroaching onto the walkway and the street.

The Association submitted the deposition testimony of Strauss, who has been employed by the Association for 22 years. She stated that the Association "depended on BARTA to come and get [Shirey]" because Shirey "was a BARTA-transportation person." N.T. 49; R.R. 114a. She would not let Shirey leave the building "until the BARTA person was in the building[.]" *Id.* Strauss testified that she did not see Shirey leave the building on February 18, 2010, and did not see him fall. When someone "yelled [Shirey] fell[,]" she ran outside and saw Shirey laying "on the walk[way] close to the curb area." N.T. 49-50; R.R. 114a. Strauss could not recall whether there was any snow on the sidewalk or "any of the environment at the time." N.T. 50-51; R.R. 114a.

The Association also supported its motion with the deposition testimony of Pamela Coldren, Shirey's sister and legal guardian. Coldren testified that she asked Shirey what happened and "[h]e just said he fell." N.T. 14; R.R. 65a. Coldren asked him if he "pick[ed] up [his] feet" and whether he was "looking straight ahead or down at the ground[,]" and Shirey stated that "he thought he was looking the right way." N.T. 14-15; R.R. 65a. Shirey did not tell Coldren why he fell. Shirey was not deposed due to a short-term memory loss issue.

In support of its summary judgment motion, the Association asserted that Shirey produced no evidence that snow and ice caused him to trip and fall; thus, there were no genuine issues of material fact to be submitted to a fact-finder.

BARTA filed a motion for summary judgment on August 21, 2013, raising governmental immunity as an affirmative defense. BARTA argued that

4

Shirey could not establish that BARTA's alleged negligent acts fell within one of the eight enumerated categories of acts for which immunity has been waived under what is commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§8541-8564.[1] Further, BARTA argued that Shirey's claim for pain and suffering had to be dismissed because he did not sustain a "permanent loss of a bodily function." 42 Pa. C.S. §8553(c)(2)(ii).[2] In support, BARTA submitted a portion of Coldren's deposition testimony, which indicated that Shirey has recovered from the injuries he sustained on February 18, 2010. BARTA also submitted an independent medical examination (IME) report of Dr. Menachem Meller, who opined that Shirey did not sustain a permanent injury or loss of bodily function due to the accident.

---

[1] Section 8542(b) of the Tort Claims Act lists a series of exclusions to governmental immunity for specific categories of tort claims: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. 42 Pa. C.S. §8542(b).

[2] Section 8553(c) of the Tort Claims Act limits recoverable damages to the following six categories of losses:

    (1)    Past and future loss of earnings and earning capacity.

    (2)    *Pain and suffering in the following instances*:

        (i)    death; or

        (ii)    *only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.*

    (3)    Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

    (4)    Loss of consortium.

    (5)    Loss of support.

    (6)    Property losses.

42 Pa. C.S. §8553(c) (emphasis added).

Shirey answered both motions for summary judgment and submitted an affidavit by Steven B. Coldren, Shirey's nephew (Nephew). Attached to this affidavit were photographs of the area where the accident had occurred, which showed snow and ice encroaching onto the sidewalk. Nephew stated that he took those photographs on February 19, 2010, the day after the accident, and, "[i]f called to testify, [he] would testify that the conditions as shown in the attached photographs accurately reflect the conditions as they existed at or near the location of [Shirey's] accident." R.R. 120a.

Shirey also filed a motion for leave to amend his complaint. On November 18, 2013, the trial court granted Shirey's motion and directed that the amended complaint be filed within 20 days from the date of the order. Shirey did not file the amended complaint until August 4, 2014.[3] By order dated August 4, 2014, the trial court granted the Association's motion for summary judgment. By order dated September 14, 2016, the trial court granted BARTA's motion for summary judgment. Shirey appealed the trial court's order on October 13, 2016.[4]

**Trial Court Opinion**

The trial court filed an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, PA. R.A.P. 1925(a). The opinion explained that as a local agency, BARTA is entitled to governmental immunity unless the alleged acts of negligence fall within one of the eight categories set forth

---

[3] The amended complaint alleged, *inter alia*, that Shirey slipped and fell "at or near the sidewalk at the [premises of the Association]; the [Association] and/or BARTA assum[ed] the responsibility for escorting Shirey down the sidewalk to the waiting BARTA van[;]" and the Association "had a responsibility to see to it that its business invitees were safe on its property, especially those having the physical challenges of Shirey." Amended Complaint at 3-4, ¶¶ 10, 13, 14; R.R. 141a, 146a.

[4] Shirey first appealed to the Superior Court. By order dated February 16, 2017, the Superior Court transferred the matter to this Court.

in Section 8542(b) of the Tort Claims Act, 42 Pa. C.S. §8542(b). Shirey did not establish that BARTA's alleged negligence fell within any of those categories. Further, Shirey's damages for pain and suffering were not recoverable under Section 8553(c) of the Tort Claims Act, which requires proof of "permanent loss of a bodily function, permanent disfigurement or permanent dismemberment[.]" 42 Pa. C.S. §8553(c). Alternatively, the trial court explained that Shirey did not establish that BARTA was negligent because Shirey "voluntarily failed to wait for his escort and deviated from the normal practice between the parties." Trial Court 1925(a) op. at 5. For these reasons, the trial court held that BARTA was entitled to summary judgment.

The trial court held that Shirey did not timely appeal the August 4, 2014, order granting summary judgment to the Association. In any case, Shirey presented no genuine issues of material fact. Because Nephew did not witness the accident, the trial court dismissed his affidavit and photographs as "worthless." Trial Court 1925(a) op. at 5-6. Likewise, Strauss did not observe Shirey fall; Shirey did not tell Strauss or his sister what happened; and Strauss testified that she did not observe any ice or snow. *Id.* at 6. Simply, Shirey did not present sufficient evidence on causation, and "[a] fact-finder cannot engage in speculation to find an answer[.]" *Id*. at 6. The trial court did not consider Shirey's amended complaint because it was filed after the trial court's 20-day deadline. *Id.*

## Appeal

On appeal,[5] Shirey argues that the trial court erred by granting summary judgment to BARTA and the Association because there exists a genuine issue of

---

[5] This Court's standard of review of a grant of summary judgment is *de novo*, and our scope of review is plenary. We apply the same standard for summary judgment as the trial court. *Cochrane v. Kopko*, 975 A.2d 1203, 1205 (Pa. Cmwlth. 2005). A grant of summary judgment is only

material fact about the cause of his fall. Armistead's testimony that there was no snow or ice on the sidewalk was contrary to the diagram she drew immediately after the accident, which showed snow and ice encroaching on the sidewalk. Armistead further testified that there was an obstruction on the Association's sidewalk when Shirey fell. Nephew's affidavit and photographs also support Shirey's allegation that Shirey's fall was caused by the snow encroaching on the sidewalk. Further, both Armistead and Strauss testified that Shirey should not have been walking unescorted due to his visual impairment. Shirey asserts that there is ample evidence on which the factfinder could conclude that the acts or omissions of BARTA and the Association caused Shirey's injuries.

Shirey further argues that the trial court erred by concluding that his appeal of the August 4, 2014, order granting summary judgment to the Association was untimely. Only a "final order," which "ends the litigation, or alternatively disposes of the entire case[,]" is appealable. Shirey Brief at 12 (quoting *Pugar v. Greco,* 394 A.2d 542, 544 (Pa. 1978)). Shirey asserts that it was not until the trial court granted summary judgment to BARTA that the order in favor of the Association became appealable.

The Association responds that Shirey's evidence consisted of "mere speculation," as opposed to "direct proof," of the cause of his fall. Association Brief at 7. Further, a jury cannot be permitted to engage in speculation or guess the cause of Shirey's fall. The trial court thus did not err by granting summary judgment to

---

appropriate where the "record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Farabaugh v. Pennsylvania Turnpike Commission*, 911 A.2d 1264, 1267 n.3 (Pa. 2006) (quoting *P.J.S. v. Pennsylvania State Ethics Commission,* 723 A.2d 174, 176 (Pa. 1999)).

8

the Association because the mere occurrence of an accident does not establish negligent conduct.

BARTA responds that the trial court correctly held that Shirey's negligence claim was barred by governmental immunity under Section 8541 of the Tort Claims Act, 42 Pa. C.S. §8541, because BARTA is a local agency. Further, Shirey's damages for pain and suffering were not recoverable under Section 8553(c) of the Tort Claims Act because Shirey presented no evidence that he suffered a permanent loss of a bodily function.

## I. BARTA's Summary Judgment

We first address the trial court's grant of summary judgment to BARTA. On appeal, Shirey does not challenge the trial court's ruling that BARTA was entitled to governmental immunity under Section 8541 of the Tort Claims Act, or that his damages for pain and suffering were not recoverable under Section 8553(c). Shirey argues, instead, that his evidence "developed to this point" indicates that "[e]ither one or both of the Defendants' activities were the causation for [his] injuries such that a fact-finder could easily find negligence." Shirey Brief at 12.

Because Shirey's complaint did not allege that BARTA's action fell under an enumerated exception to governmental immunity under Section 8542(b) of the Tort Claims Act, and he does not raise any issue as to the trial court's ruling on governmental immunity, we affirm the trial court's order granting summary judgment to BARTA.

9

## II. The Association's Summary Judgment

### A. Timeliness of Appeal

The trial court stated in its 1925(a) opinion that Shirey did not timely appeal its August 4, 2014, order granting summary judgment to the Association. This was error.

The Pennsylvania Rules of Appellate Procedure state that "an appeal may be taken as of right from any final order of a governmental unit or trial court." PA. R.A.P. 341(a). The purpose of limiting appellate review to final orders is "to prevent piecemeal determinations and the consequent protraction of litigation." *Hionis v. Concord Township*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009). A final order is defined as any order that:

> (1)   disposes of all claims and of all parties; or
>
> (2)   RESCINDED
>
> (3)   is entered as a final order pursuant to paragraph (c) of this rule.

PA. R.A.P. 341(b). Paragraph (c) provides in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim *or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case*. Such an order becomes appealable when entered. *In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order*.

PA. R.A.P. 341(c) (emphasis added).[6]

Here, Shirey's complaint asserted negligence claims against both BARTA and the Association. The trial court's August 4, 2014, order granting summary judgment to the Association was not a final order because it did not "dispose[] of all claims and of all parties[.]" PA. R.A.P. 341(b)(1). Further, the trial court did not expressly identify it as a final order pursuant to PA. R.A.P. 341(c). The August 4, 2014, order did not become appealable until the trial court granted summary judgment in favor of BARTA on September 14, 2016.

Because Shirey's notice of appeal was filed within 30 days of the September 14, 2016, order, it was timely filed.[7] Accordingly, the merits of both orders of the trial court are properly before this Court.

## B. Genuine Issues of Material Fact

Finally, Shirey argues that the trial court erred by granting summary judgment to the Association because there exists a genuine issue of material fact as to the cause of his fall. "A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Flood v. Silfies*, 933 A.2d 1072, 1074 (Pa. Cmwlth. 2007). A fact is material if it directly affects the disposition or the outcome of a case. *Department of Environmental Protection v. Delta Chemicals, Inc.*, 721 A.2d 411, 416 (Pa. Cmwlth. 1998). A record that supports summary judgment will either

---

[6] Likewise, the note to PA. R.A.P. 341 states: "Paragraph (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an express determination that an immediate appeal would facilitate resolution of the entire case." PA. R.A.P. 341, Note.

[7] The note to PA. R.A.P. 341 further states, "[a] party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order[.]" PA. R.A.P. 341, Note (citing *Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012)).

11

> (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a prima facie cause of action or defense, and, therefore, there is no issue to be submitted to the fact-finder.

*Dibish v. Ameriprise Financial, Inc.*, 134 A.3d 1079, 1084-85 (Pa. Super. 2016) (quoting *DeArmitt v. N.Y. Life Insurance Company,* 73 A.3d 578, 585-86 (Pa. Super 2013)). The right to judgment must be clear and free from doubt. In reviewing the grant of a motion for summary judgment, this Court must "view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Flood,* 933 A.2d at 1074 (quotations omitted).

Here, Shirey's complaint alleged that the Association was negligent in failing to clear the snow and ice from the sidewalk, which caused Shirey to trip and fall as he walked to the BARTA bus.[8] Shirey referred to Armistead's accident report, which included a diagram she drew showing snow encroaching onto the walkway and street. Further, Armistead testified that there was a "little piece [of the sidewalk] that was sticking up[,]" which she assumed caused Shirey to trip. N.T. 53; R.R. 45a. Shirey also submitted Nephew's affidavit with photographs he took the day after the accident, which showed snow and ice encroaching onto the sidewalk.

In Pennsylvania, the elements of negligence are: a duty "to conform to a certain standard of conduct for the protection of others against unreasonable risks;" the defendant's failure to conform to that standard; "a causal connection between the conduct and the resulting injury;" and actual loss or damages to the plaintiff. *R.W.*

---

[8] Shirey's complaint did not allege that his fall was caused by a lack of supervision by the Association.

*v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). The claim may be predicated on either an affirmative act, or a failure to act, that causes an injury.

It is undisputed that at the time of the accident, Shirey was a business invitee, to whom the Association, as the owner of land, had a duty of care. Shirey produced evidence that, at the time of the accident, there was some snow and ice on the sidewalk.[9] However, Shirey did not produce evidence that the snow and ice caused him to fall. This lack of evidence of causation was fatal to his case.

In *Houston v. Republican Athletic Association*, 22 A.2d 715 (Pa. 1941), the decedent died after falling down stairs at an athletic club. No one witnessed the fall; his widow sued and claimed that a splinter of wood on the edge of one of the steps caught the decedent's foot, causing the fall. At the close of the plaintiff's case, the trial court entered a compulsory nonsuit. Our Supreme Court affirmed, stating:

> *In the absence of any direct proof as to the manner in which the accident occurred, the burden was on appellant to produce*

---

[9] We conclude that the grant of summary judgment is independently supported by the well-settled hills and ridges doctrine, which, as defined and applied by the courts of Pennsylvania, "is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e*., ice and snow." *Moon v. Dauphin County*, 129 A.3d 16, 22 (Pa. Cmwlth. 2015) (quoting *Morin v. Traveler's Rest Motel, Inc*., 704 A.2d 1085, 1087 (Pa. Super. 1997)). The hills and ridges doctrine "protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Moon*, 129 A.3d at 22-23 (quoting *Morin,* 704 A.2d at 1087). To recover for a fall on ice or snow, an injured party must prove the following elements:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such a condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Moon,* 129 A.3d at 23 (quoting *Mahanoy Area School District v. Budwash,* 604 A.2d at 1156, 1158 (Pa. Cmwlth. 1992)). Here, Shirey did not present evidence that the Association had permitted snow and ice to accumulate over a period of time, or that it had created an unnatural accumulation.

13

*evidence of circumstances "so strong as to preclude the possibility of injury in any other way, and provide as the only reasonable inference the conclusion" that her husband's death was caused by the negligence of appellees in the manner alleged....* "Proving that an accident happened, or the existence of an opportunity for it to happen, in the manner alleged, is entirely insufficient to establish negligence…. Plaintiff must go further, and show not only defendant's negligence, but that the injuries complained of were the result of such negligence…." While it may be that appellant's hypothesis as to the cause of this regrettable accident is a plausible one, for all that appears from the evidence, the circumstances relied upon are at least equally consistent with theories of the case attributing the accident to a variety of causes, not excluded by the evidence, for none of which any of appellees could conceivably be held liable, as the court below has pointed out, including the possibility that the deceased may simply have tripped or stumbled, without such tripping or stumbling having any connection whatever with the defects in the steps complained of. *Under these circumstances, a finding that the fatal injuries of appellant's husband resulted from the negligence alleged would, at most, represent nothing but a mere guess or conjecture…. "Where a defendant is liable for only one of two or more equally probable causes and to say which is a mere guess, there can be no recovery."*

*Id*. at 716 (emphasis added) (quotations omitted).

Here, as in *Houston*, no one witnessed Shirey fall. Neither Shirey nor Christine, the individual walking with him at the time of the accident, offered testimony on the mechanics of the accident. Shirey presented no other direct evidence to support the allegation that he fell due to snow and ice on the sidewalk. The circumstantial evidence, including Nephew's photographs, is not "so strong as to preclude the possibility of injury in any way." *Id.* The circumstantial evidence "represent[s] nothing but a mere guess or conjecture[]" to the cause of Shirey's fall. *Id.* A plaintiff cannot survive summary judgment when mere speculation would be

14

required for the jury to find in plaintiff's favor. *DuBois v. City of Wilkes-Barre*, 189 A.2d 166, 167 (Pa. 1963); *see also Fitzpatrick v. Natter*, 961 A.2d 1229, 1241-42 (Pa. 2008).

Because Shirey's evidence did not establish causation, he did not make a *prima facie* case of negligence. Stated otherwise, "there is no issue to be submitted to the fact-finder." *Dibish*, 134 A.3d at 1085. The trial court thus did not err in granting summary judgment to the Association.

## Conclusion

Because Shirey's complaint did not allege that BARTA's action fell under an enumerated exception to governmental immunity under the Tort Claims Act, and he does not challenge the trial court's ruling on governmental immunity, we affirm the trial court's order of September 14, 2016, granting summary judgment to BARTA. Further, because Shirey has not demonstrated a genuine issue of material fact as to the cause of his fall, we affirm the trial court's order of August 4, 2014, as made final by the order of September 14, 2016, which granted summary judgment to the Association.

_____
MARY HANNAH LEAVITT, President Judge

15

IN THE COMMONEALTH COURT OF PENNSYLVANIA

David Shirey,                          :
           Appellant              :
                                  :
           v.                     :  No. 356 C.D. 2017
                                  :
Berks Area Reading Transportation      :
Authority and Berks County             :
Association for the Blind, Inc.        :

## **O R D E R**

AND NOW, this 30th day of April, 2019, the order of the Court of Common Pleas of Berks County, dated September 14, 2016, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge